UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONNIE DEVANE,

                              Plaintiff,

              -against-                                          20-CV-9649 (LLS)

JOHN OR JANE DOE MD;                                            ORDER TO SHOW CAUSE
SUPERINTENDENT, Downstate Correctional
Facility,

                              Defendants.

LOUIS L. STANTON, United States District Judge:

        Plaintiff, currently incarcerated at Bare Hill Correctional Facility, brings this *pro se* action

alleging that in May 2015, a John Doe doctor violated his constitutional rights at Downstate

Correctional Facility ("Downstate"), when the doctor failed to provide Plaintiff privacy during a

medical examination. By order dated January 5, 2021, the Court granted Plaintiff's request to

proceed *in forma pauperis* (IFP). The Court directs Plaintiff to file a declaration within sixty

days of the date of this order showing cause why the complaint should not be dismissed as time-

barred.

## STANDARD OF REVIEW

        The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's i*n forma

pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d

636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject

matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

**DISCUSSION**

**A.      42 U.S.C. § 1983**

Because Plaintiff alleges that his federal constitutional rights were violated, his claims arise under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

**B.      Statute of Limitations**

It appears that Plaintiff's claims are time-barred. The statute of limitations for § 1983 claims is found in the "general or residual [state] statute [of limitations] for personal injury actions." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). In New York, that period is three years. *See* N.Y. C.P.L.R. § 214(5). Section 1983 claims generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013). Plaintiff alleges that the event giving rise to his claims occurred in May 2015, and that he was aware of the alleged violation at the time it occurred. On October 30, 2020, he submitted his complaint for filing,[1] more than two years after the statute of limitations expired.

---

[1] Plaintiff signed the complaint on October 30, 2020. Because he was incarcerated when he submitted his complaint for filing, the prison mailbox rule applies. *See Walker v. Jastremski*, 430 F.3d 560, 562-64 (2d Cir. 2005) (discussing prison mailbox rule). Under the prison mailbox rule, the date a plaintiff signs a court submission qualifies as the filing date. *See, e.g.*, *Nash v. Kressman*, No. 11-CV-7327, 2013 WL 6197087, at *4 (S.D.N.Y. Nov. 27, 2013) (finding that signature date on cover letter, which accompanied *pro se* complaint, established filing date for purposes of prison mailbox rule). *See generally Houston v. Lack*, 487 U.S. 266, 270 (1988) (holding that a *pro se* prisoner's document is deemed "filed" when delivered to prison authorities for forwarding to the court).

**C.     Doctrine of Equitable Tolling**

The doctrine of equitable tolling permits a court, "under compelling circumstances, [to] make narrow exceptions to the statute of limitations in order 'to prevent inequity.'" *In re U.S. Lines, Inc.,* 318 F.3d 432, 436 (2d Cir. 2003) (citation omitted). The statute of limitations may be equitably tolled, for example, when a defendant fraudulently conceals from a plaintiff the fact that the plaintiff has a cause of action, or when the plaintiff is induced by the defendant to forego a lawsuit until the statute of limitations has expired. *See Pearl*, 296 F.3d at 82-83. Here, Plaintiff does not allege any facts suggesting that the statute of limitations should be equitably tolled.

**D.     Notice and Opportunity to Be Heard**

Because the failure to file an action within the limitations period is an affirmative defense, a plaintiff is generally not required to plead that the case is timely filed. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted.") (internal quotation marks and citation omitted); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal of complaint as frivolous on statute of limitations grounds). But district courts should grant notice and opportunity to be heard before dismissing a complaint *sua sponte* on statute of limitations grounds. *See Abbas*, 480 F.3d at 640.

**E.      Leave to File Declaration**

The Court therefore directs Plaintiff to file a declaration within sixty days of the date of this order, stating why the complaint should not be dismissed as time-barred. Plaintiff may allege any facts showing that the Court should apply the doctrine of equitable tolling.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff is directed to file a declaration within sixty days of the date of this order showing why the complaint should not be dismissed as time-barred. Plaintiff must submit the declaration to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as a "Declaration," and label the document with docket number 20-CV-9649 (LLS). A declaration form is attached to this order. No summons will issue at this time.

If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

SO ORDERED.

Dated:      January 7, 2021
            New York, New York

                                                    _Louis L. Stanton_
                                                    Louis L. Stanton
                                                    U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,   declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____        _____
Executed on (date)             Signature

_____        _____
Name                                    Prison Identification # (if incarcerated)

_____ _____ _____ _____
Address                          City           State      Zip Code

_____        _____
Telephone Number (if available)         E-mail Address (if available)