UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  4/27/2021
```

DONNIE DEVANE,

                Plaintiff,

-against-

JOHN OR JANE DOE, M.D., et al.,

                Defendants.

20-CV-9649 (NSR)

ORDER OF DISMISSAL

NELSON S. ROMÁN, United States District Judge:

*Pro se* Plaintiff Donnie Devane ("Plaintiff") commenced this action on or about November 13, 2020 against a "John or Jane Doe, M.D." and the Superintendent of Downstate Correctional Facility (together, "Defendants"). He brings claims under 42 U.S.C. § 1983 ("Section 1983") for alleged violations of his rights under the Eighth and Fourteenth Amendments of the U.S. Constitution. (Complaint ("Compl.") (ECF No. 1).) By order dated January 7, 2021, Judge Louis L. Stanton (who was then assigned to the action) ordered Plaintiff to show cause why the action should not be dismissed as time-barred. (ECF No. 6.) Plaintiff filed a declaration (ECF No. 7), and the Clerk of Court reassigned the action to the Court.

For the following reasons, the Court dismisses without prejudice Plaintiff's claims against Defendants.

## BACKGROUND

On November 13, 2020,[1] Plaintiff filed a Complaint against two defendants: (1) an unidentified employee of Downstate Correctional Facility ("Downstate") and the Department of

---

[1] Plaintiff signed the complaint on October 30, 2020. Under the prison mailbox rule, a complaint is deemed filed on the date in which a prisoner places a submission in the prison mail delivery system. *See Houston v. Lack*, 487 U.S. 266 (1988). Because the Court dismisses the claims for failure to state a claim, the Court does not address whether the action is time-barred.

Corrections and Community Supervision ("DOCCS") who examined Plaintiff in May 2015, and (2) the Superintendent of Downstate. (ECF No. 1.)

The following facts are taken from Plaintiff's Complaint. (ECF No. 1.) At all relevant times, Plaintiff was incarcerated at Downstate. Plaintiff was physically examined and questioned about his medical history in May 2015, when he was required to "undergo a comprehensive health assessment, without being afforded the opportunity to refuse." (*Id.* at 6.) A correction officer instructed Plaintiff to enter "a cubicle type room with a curtain as the door . . . [and] to remove his shirt, pants, and shoes"; while Plaintiff was undressing, the curtain door remained open. (*Id.*) When the doctor entered, he asked Plaintiff his medical history and ordered Plaintiff to pull down his boxers, which resulted in Plaintiff's being "completely undressed and exposed." (*Id.*) The doctor then conducted a testicular exam. (*Id.*)

Plaintiff contends that other people could hear about his medical history and observe him. (*Id.*) He also contends that "[n]o medical personnel made the determination . . . that it was necessary for the plaintiff to get undressed for the examination. Such determination was made by a Correction Officer with NO medical training." (*Id.* at 8.)

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). A claim is facially plausible when the factual content pleaded allows a court "to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## DISCUSSION

Section 1983 provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *accord Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004).

To state a claim under Section 1983, a plaintiff must allege that "(1) the challenged conduct was attributable to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed by the U.S. Constitution." *Castilla v. City of New York*, No. 09 Civ. 5446, 2013 WL 1803896, at *2 (S.D.N.Y. April 25, 2013); *accord Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). Therefore, to state a Section 1983 claim, a plaintiff must

allege two essential elements: (1) the defendant acted under color of state law, and (2) as a result of the defendant's actions, the plaintiff suffered a denial of his federal statutory rights, or his constitutional rights or privileges. *See Annis v. Cnty. of Westchester*, 136 F.3d 239, 245 (2d Cir. 1998); *Quinn v. Nassau Cnty. Police Dep't*, 53 F. Supp. 2d 347, 354 (E.D.N.Y. 1999) (noting that Section 1983 "furnishes a cause of action for the violation of federal rights created by the Constitution").

Plaintiff argues that Defendants violated his right to privacy under the Fourteenth Amendment when they (1) denied him privacy during his medical exam ("bodily privacy claim"); (2) disclosed personal medical information ("confidentiality claim"); and (3) denied him the right to refuse a medical exam ("refuse medical exam claim"). Because Plaintiff also invokes the Eighth Amendment, the Court construes the complaint as also asserting a medical claim and a failure to protect claim. As discussed below, the Court concludes that Plaintiff has failed to allege state any facts plausibly alleging a violation of his constitutional rights and dismisses the claims without prejudice.

A.  **Privacy Claims under the Fourteenth Amendment**

1.  **Bodily Privacy Claim**

In limited circumstances, the Fourteenth Amendment protects a prisoner's right to bodily privacy. *Poe v. Leonard*, 282 F.3d 123, 138-39 (2d Cir. 2002); *Covino v. Patrissi*, 967 F.2d 73, 79 (2d Cir. 1992) (noting that incarcerated individuals "possess a limited right to bodily privacy"). To state a claim under the Fourteenth Amendment, a prisoner must allege that a defendant's conduct was "'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Id.* at 138 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 848 n.8 (1998)).

District courts in this Circuit generally find that prisoners do not have a right to undergo a medical exam in private. *See, e.g.*, *Rodriguez v. Ames*, 287 F. Supp. 2d 213, 220-21 (W.D.N.Y. 2003) (holding that "[t]he fact that plaintiff's cellmate also was present [for his medical exam] is not sufficiently shocking or egregious as to amount to a constitutional violation [under the Fourteenth Amendment]."). Some courts have held that the "occasional, indirect, or brief viewing of a naked prisoner," even by a correction officer of the opposite sex, is "permissible." *Corr. Officers Benev. Ass'n of Rockland Cnty. v. Kralik*, No. 04-CV-2199, 2011 WL 1236135, at *11 (S.D.N.Y. Mar. 30, 2011).

Here, Plaintiff alleges only that other individuals *may have* viewed him briefly while he was naked. This allegation, standing alone, is insufficient to state a claim that Plaintiff's right to bodily privacy was violated, as such conduct is not so egregious that it shocks the conscience. Rather, the allegation accurately describes a condition of Plaintiff confinement that does not implicate the Constitution. *See, e.g.*, *Rodriguez*, 287 F. Supp.2d at 220-21 (noting that prison presents "many unfortunate and embarrassing circumstances [that] prisoners must endure as part of their daily lives"). Thus, the Court finds that Plaintiff fails to state a bodily privacy claim under the Fourteenth Amendment.

    **2.**    **Confidentiality Claim**

Plaintiff also alleges that his right to confidentiality under the Fourteenth Amendment was violated. Generally, the Constitution does protect against the unwanted disclosure of certain medical information. *See Matson v. Bd. of Educ. of the City Sch. Dist. of N.Y.*, 631 F.3d 57, 63-64 (2d Cir. 2011). But courts within this Circuit have accorded constitutional privacy protection only when the disclosure concerns conditions that are "excruciatingly private and intimate in nature," such as HIV status and transsexualism, and would likely provoke hostility and intolerance from others. *Id.* at 64 (holding that fibromyalgia, although a serious condition, was

5

not a fatal disease that "carr[ies] with it the sort of opprobrium that confers upon those who suffer from it a constitutional right of privacy as to that medical condition," and that revealing the condition of fibromyalgia would not "expose a person . . . to discrimination and intolerance," *id.* at 67); *Powell v. Schriver*, 175 F.3d 107, 111 (2d Cir. 1999) (holding that transsexual prisoner possessed a privacy right of confidentiality in his medical records because disclosure would likely provoke hostility and intolerance).

Here, Plaintiff does not allege any facts suggesting that he was entitled to any privacy with respect to his medical history. In fact, the allegations do not suggest that Defendants publicly revealed *any* of Plaintiff's medical information, let alone, information that warranted confidentiality. Rather, he merely alleges that his answers to medical questions may have been overheard by others. This speculative allegation does not suggest that Defendants violated any privacy right to confidentiality in medical records protected by the Fourteenth Amendment.

### 3.    Refuse Medical Exam Claim

Plaintiff also alleges that he was denied his right to refuse the medical exam in violation of the Fourteenth Amendment. Generally, a prisoner's right to refuse medical treatment will not be honored "if legitimate penological interests require the prisoner to be treated." *Pabon v. Wright*, 459 F.3d 241, 252 (2d Cir. 2006). The State of New York has a "compelling interest in administering an effective [medical] screening program." *Jolly v. Coughlin*, 76 F.3d 468, 478 (2d Cir. 1996) (citing *Lareau v. Mason*, 651 F.2d 96, 109 (2d Cir. 1981)). And the Second Circuit has held that a correctional facility's failure to medically screen incoming prisoners violates the federal constitutional rights of those prisoners already held in that facility. *See id.* at 477. Thus, courts have allowed prison officials to conduct mandatory medical screenings. *See Boreland v. Vaughn*, No. 92-CV-0172, 1993 WL 62707, at *4 (E.D. Pa. Mar. 3, 1993), *aff'd*, 22 F.3d 300 (3d Cir. 1994) (table decision).

6

Some courts have recognized that a prisoner may be exempt from medical screenings when such screenings conflict with the prisoner's religious beliefs. *See Jolly*, 76 F.3d at 474-82 (affirming district court's grant of a prisoner's application for a preliminary injunction arising from his confinement in "medical keeplock" after the prisoner refused tuberculosis screening on religious grounds); *see also Selah v. Goord*, 255 F. Supp. 2d 42, 52-56 (N.D.N.Y. Apr. 4, 2003) (granting preliminary injunction against a prisoner's confinement in a "tuberculin hold" after the prisoner refused tuberculosis screening on religious grounds ); *Reynolds v. Goord*, 103 F. Supp. 2d 316, 337-45 (S.D.N.Y. 2000) (same).

Plaintiff alleges that prison officials did not inform him of his right to refuse a medical screening or provide him an opportunity to refuse. But Plaintiff has articulated no reason, religious or otherwise, why he would have refused medical screening, nor can the Court find any authority for the proposition that prison officials are obliged to inform prisoners that they have a right to refuse a medical screening. Plaintiff simply asserts that if he had known that he could refuse, he would have refused. But that is not a recognized reason for a prisoner to be exempt from medical screening. He therefore fails to state a claim that Defendants violated his right to refuse the medical exam.

B.   **Claims under the Eighth Amendment**

The Court construes the complaint as asserting two claims under the Eighth Amendment: that Defendants (1) violated Plaintiff's right to adequate medical attention during his medical exam, and that they (2) failed to protect him from future harm arising out of disclosure of his medical history during the exam. As set forth below, Plaintiff fails to plausibly state either claim.

### 1. Medical Claim

To state a claim for inadequate medical care under the Eighth Amendment, a plaintiff must show that correction officials were deliberately indifferent to the plaintiff's serious medical condition. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).

Deliberate indifference is evaluated under a two-pronged test comprised of both objective and subjective components. *See Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011). The objective component requires that a prisoner "show that the conditions, either alone or in combination, pose[d] an unreasonable risk of serious damage to his health." *Darnell v. Pineiro*, 849 F.3d 17, 30 (2d Cir. 2017) (internal quotation marks and citation omitted). The deliberate indifference standard "contemplates a condition of urgency such as one that may produce death, degeneration, or extreme pain." *Charles v. Orange Cnty.*, 925 F.3d 73, 86 (2d Cir. 2019); *see Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000) (holding that the medical need must be a "sufficiently serious" condition that "could result in further significant injury or the unnecessary and wanton infliction of pain") (internal quotation marks and citation omitted)).

The subjective component requires a prisoner to show that the defendant officials acted with a "sufficiently culpable state of mind" in depriving him of adequate medical treatment. *Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014) (citing *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006)). That is, the prisoner must state facts showing that the correctional staff possessed "a state of mind that is the equivalent of criminal recklessness." *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996); *see Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (holding that the subjective component requires that the plaintiff show that a medical professional "was aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]" and that the officer drew the inference).

Because Plaintiff fails to allege that he suffered from any medical condition that posed an unreasonable risk of serious damage to his health, he cannot state a claim under the Eighth Amendment regarding his medical exam. To the extent he alleges that the medical exam itself posed an unreasonable risk of serious damages to his health, Plaintiff does not allege any facts in support of such a claim.

### 2. Failure to Protect

The Court also construes Plaintiff's complaint as asserting a failure to protect claim under the Eighth Amendment, that is, that Defendants failed to protect him from future harm related to the discussion of his medical history during his exam.

To state a failure to protect claim, a prisoner must satisfy two elements: (1) a prisoner faced a sufficiently serious risk of harm, and (2) an officer deliberately failed to protect the prisoner from that harm. *Farmer*, 511 U.S. at 828 (citations omitted). Generally, "an inmate's claim that prison officials failed, as a result of their deliberate indifference, to protect him from the violent actions of other inmates may state a viable § 1983 cause of action." *Hendricks v. Coughlin*, 942 F.2d 109, 113 (2d Cir. 1991); *see also Randle v. Alexander*, 960 F. Supp. 2d 457, 471 (S.D.N.Y. 2013) ("At bottom, prison officials may not abuse prisoners directly, nor may they indirectly subject prisoners to harm by facilitating abuse at the hands of prisoners' fellow inmates.").

In the context of disclosure of medical records, a plaintiff may state a claim under the Eighth Amendment if the disclosure of a prisoner's medical records "could place that inmate in harm's way." *Powell*, 175 F.3d at 115 (finding that disclosure of the plaintiff's HIV-positive status and transsexualism placed the prisoner in "harm's way").

9

As Plaintiff has failed to state any fact suggesting that Defendants disclosed any medical information that could place him in any harm, he fails to state a failure to protect claim under the Eighth Amendment.

## **CONCLUSION**

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff is granted leave to amend his Complaint in accordance with this Order. Plaintiff shall amend his Complaint on, or before June 1, 2021. Plaintiff must submit the Amended Complaint to this Court's Pro Se Intake Unit, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-9649 (NSR). An amended prisoner complaint form is attached to this Order. No summons will issue at this time.

If no amendment is made by June 1, 2021, or Plaintiff fails to move for an extension to that deadline, the Complaint may be dismissed with prejudice and the action terminated without further notice.

The Clerk of Court is directed to mail a copy of this opinion to Plaintiff at the address listed on ECF and show service on the Docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:   April 27, 2021
            White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
Write the full name of each plaintiff.

-against-

_____
_____
_____
_____
Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____
(Include case number if one has been assigned)

**AMENDED COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes   ☐ No

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 5/20/16

**I.     LEGAL BASIS FOR CLAIM**

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐   Violation of my federal constitutional rights

☐   Other: _____

**II.    PLAINTIFF INFORMATION**

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____
First Name                Middle Initial              Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

_____
County, City                           State                    Zip Code

**III.   PRISONER STATUS**

Indicate below whether you are a prisoner or other confined person:

☐   Pretrial detainee
☐   Civilly committed detainee
☐   Immigration detainee
☐   Convicted and sentenced prisoner
☐   Other: _____

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 2:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 3:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 4:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Page 3

## V.  STATEMENT OF CLAIM

Place(s) of occurrence: 

Date(s) of occurrence: 

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## VI.   RELIEF

State briefly what money damages or other relief you want the court to order.

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____                                 _____
Dated                                                                                              Plaintiff's Signature

_____      _____      _____
First Name                                   Middle Initial                        Last Name

_____
Prison Address

_____      _____      _____
County, City                                                              State                              Zip Code

Date on which I am delivering this complaint to prison authorities for mailing: _____